# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

NATARSHA SINGLETON                                                      PLAINTIFF

V.                      CASE NO. 3:15-CV-00400-JTK

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION                                                     DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Natarsha Singleton, initially applied for disability benefits sometime prior to November 19, 2008, the date of her first hearing. (Tr. at 34). That application was denied at the hearing level and Singleton's request for review was denied by the Appeals Council. (Tr. at 16).

She filed a subsequent application for Title XIV supplemental security income benefits on September 6, 2011, alleging an onset date of November 15, 2006 (Tr. at 192-198).[1] After conducting a hearing, Judge Jerry M. Lang, the Administrative Law Judge ("ALJ"), denied her application on June 18, 2013. (Tr. at 95-104). He found no mental impairment. (Tr. at 97). The Appeals Council subsequently remanded the case for further consideration and development of the record regarding Singleton's mental impairments. (Tr. at 110-113).

A second administrative hearing was held by Judge Lang on July 9, 2014 (Tr. at 73). On September 3, 2014, Judge Lang issued a decision denying Singleton's claim, finding again that she had no mental impairment. (Tr. at 14). On November 6, 2015, the Appeals Council denied Singleton's request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of

---

[1] By regulation, any supplemental security income benefit is not payable prior to the application date, which, in this case, is September 6, 2011. (Tr. at 16).

the Commissioner, and Singleton has requested judicial review.

For the reasons stated below, the Court[2] affirms the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Singleton had not engaged in substantial gainful activity since the application date of September 6, 2011. (Tr. at 14). At Step Two of the sequential five-step analysis, the ALJ found that Singleton has the following severe impairments: history of spinal tuberculosis with T12-L1 corpectomy and fusion at T11-L3. *Id.*

At Step Three, the ALJ determined that Singleton's impairments did not meet or equal a listed impairment. *Id.* Before proceeding to Step Four, the ALJ determined that Singleton had the residual functional capacity ("RFC") to perform the full range of work at the light level. (Tr. at 15). The ALJ next determined that Singleton was capable of performing past relevant work as a customer service advisor. (Tr. at 23). Singleton's past work was long enough in the past to raise a question of whether it qualified as past relevant work, so the ALJ further questioned the Vocational Expert ("VE"). The ALJ relied on the testimony of the VE to find that, based on Singleton's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. *Id.* Based on that determination, the ALJ held that Singleton was not disabled. *Id.*

## III. Discussion:

A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence"

---

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

B. Singleton's Arguments on Appeal

Singleton contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ erred by not finding her mental impairments to be severe. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Prior to the relevant time-period beginning on September 6, 2011, Singleton submitted to inpatient psychiatric treatment three times. On August 19, 2010, she began a five-night stay at Mid-South Crisis Unit, for schizoaffective disorder. (Tr. at 657-660). She had thoughts of suicide and was having paranoid, delusional thoughts, (Tr. at 648-656). She was discharged with instructions for outpatient follow-up on August 24, 2010. *Id*.

On December 29, 2010, Singleton was admitted to Bridgeway Hospital after being physically aggressive to her mother and pouring bleach all over her house. (Tr. at 638-645). She denied any history of psychiatric treatment or medications. *Id*. Upon discharge on January 11, 2011, she did not want to engage in outpatient follow-up. *Id*.

On June 1, 2011, Singleton was hospitalized at St. Vincent Health System for hiding knives and trying to poison her mother. (Tr. at 618-626). She denied anxiety or depression, but was

3

endorsing psychosis. *Id*. Her doctor noted a long-term history of poor adherence to outpatient treatment recommendations. *Id*. A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). Singleton was discharged on June 16, 2011. *Id*. Aside from two psychiatric outpatient visits, there is no further record of care for mental health problems.

On April 11, 2013, Kenneth B. Jones, Ph.D., conducted a mental diagnostic evaluation for the agency. (Tr. at 691-688). Dr. Jones had not been provided with medical information from the agency. (Tr. at 684). Singleton denied any past or current psychiatric treatment. *Id*. She also denied any past or current psychiatric diagnoses. (Tr. at 687). She had normal speech, thought process, and content, with no perceptual abnormalities. (Tr. at 685). Dr. Jones gave no Axis I diagnosis and found no deficits in adaptive functioning. (Tr. at 687-688). He concluded that Singleton had no mental limitations.

Singleton argues that Dr. Jones's evaluation was incomplete because he did not have all of the medical records from prior hospitalizations. First, the relevant time-period began after her last hospitalization, and second, Singleton denied any psychiatric treatment. Dr. Jones had no reason to disbelieve Singleton, especially when her mental status exam revealed no abnormalities. She also did not allege mental illness on her application materials. (Tr. at 90-91, 192-198). *See Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(in affirming ALJ's finding of no mental impairment, the court noted that claimant did not allege mental impairment on the application for benefits).

When a function report requested that Singleton list all of the conditions that prevented her from working, she said simply, "bad back." (Tr. at 219). Twice the ALJ asked Singleton at the hearing what her impairments were and twice she failed to list mental impairments. (Tr. at 76, 84).

4

Her attorney did not represent that she had any mental impairments. (Tr. at 60-68). It is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). Without some contention that Singleton had mental health limitations, the ALJ had no reason to engage in a fishing expedition to obtain records not in existence. At three doctor's appointments after the application date, Singleton did not mention mental impairments. (Tr. at 692-693, 704, 695-697). Singleton did not make a credible case for severe mental impairments.

The claimant has the burden of proving that an impairment is severe at Step Two, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). The three hospitalizations in this case, which were the only record of psychiatric care, spanned ten months. Therefore, Singleton's mental health problems did not meet the durational requirement.

If an impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007). Based on Singleton's activities of daily living, which included cooking, laundry, and "a lot of shopping," the Court cannot conclude that mental conditions would have more than a minimal effect on her ability to do work. (Tr. at 80).

The ALJ must review the entire record, and rely upon medical evidence to make his determination. With no evidence of psychiatric treatment during the relevant time-period, the ALJ properly concluded that mental impairments were non-severe. He conducted the psychiatric review

technique in his opinion as required by the Commissioner, and explained his findings. (Tr. at 14-15). The Court finds that the ALJ did not commit reversible error.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ's finding that mental impairments were non-severe was proper. The finding that Singleton was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is affirmed. The case is dismissed, with prejudice.

IT IS SO ORDERED this 24th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE